[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14056
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-22545-RNS

MARIO MORALES,

                                                    Petitioner-Appellant,

versus

WARDEN,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 2, 2017)

Before TJOFLAT, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Mario Morales, a federal prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. After careful review, we affirm.

In January 2004, Morales pled guilty to racketeering conspiracy and possession of a firearm in furtherance of a drug trafficking crime. The district court sentenced him to 294-months imprisonment. At sentencing, the court applied a five-level enhancement under the United States Sentencing Guidelines for possessing a gun during the offense.

In his § 2241 petition, Morales claims this enhancement was unlawful. Specifically, he argues the enhancement was imposed in violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), because the government possessed—but failed to disclose—a victim's statement that Morales never brandished a weapon. Morales raised this same claim in an earlier 28 U.S.C. § 2255 motion, which was denied.

A collateral attack on the legality of a federal conviction or sentence generally may be brought only under 28 U.S.C. § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, the "savings clause" of § 2255 allows a federal prisoner to file a habeas petition pursuant to § 2241 if the prisoner can show that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

This Court recently overruled our savings clause precedent and established a new test for when prisoners may proceed under § 2241 through the savings clause. See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1079–80 (11th Cir. 2017) (en banc). In McCarthan, this Court held that claims challenging the legality of a sentence generally cannot be brought under the savings clause. Id. at 1086–90. Instead, the savings clause is limited to claims challenging the "execution of a sentence," such as the deprivation of good-time credits or parole determinations. Id. at 1089, 1092–93. A claim attacking the legality of a sentence can be brought only in the very "limited circumstance[]" in which "the sentencing court is unavailable" (for example, because the sentencing court itself has been dissolved), or where some other "practical consideration[]" prevented the petitioner from filing a § 2255 motion. Id. at 1093 (quotation omitted).

Morales's petition does not satisfy the McCarthan test for proceeding under the savings clause. He challenges only the legality of his sentence, not the execution of his sentence. Further, it is clear there were no circumstances that prevented Morales from bringing the claim he now tries to bring under § 2241 in a § 2255 motion, because he did. Therefore, the district court was correct in denying Morales's petition.

**AFFIRMED.**

3